[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 3, 2011
JOHN LEY
CLERK

No. 09-15918

_____

D. C. Docket No. 09-20003-CV-KMM

ALVIO DOMINGUEZ, JR.,

                                              Plaintiff-Counter-
                                              Defendant-Appellant,

versus

MIAMI-DADE COUNTY,

                                              Defendant-Counter-
                                              Claimant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 3, 2011)

Before TJOFLAT, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Alvio Dominguez appeals from an adverse summary judgment on his claims that his former employer, Miami-Dade County Fire Rescue Department ("MDFRD"), took numerous employment actions against him and retaliated against him based on his membership in the Florida Army National Guard in violation of his rights under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301, et seq. He also argues that the district court erroneously granted summary judgment to MDFRD awarding it $21,705.00 on its state law counterclaims for civil theft and conversion under §§ 772.11 and 775.089(8), Florida Statutes. Having carefully considered the parties' briefs, the record and after oral argument, we affirm the district court's summary judgment.

As to Dominguez's claims that his rights under USERRA were violated because of the MDFRD's decisions to (1) delay or deny him the right to take missed promotional exams, (2) give him negative evaluations and counseling, (3) delay promotional pay increases,[1] (4) and dock his pay, we find no genuine issues of material fact disputing that any of these actions were fully remedied or that the

---

[1] As to Dominguez's claim that he was denied a longevity increase in October 2005, the district court found that it was undisputed that Dominguez eventually received his retroactive increase but granted summary judgment to Dominguez as to the interest owed on the retroactive payment. The parties stipulated to the fact that the amount of interest owed was $225.24, which amount was subtracted from MDFRD's recovery of $21.705.00 on its counterclaim and after accounting for $6,256.86 in restitution that MDFRD already recovered from Dominguez resulted in the entry of a Final Judgment in favor of MDFRD of $15,222.90.

MDFRD's actions were not on account of his military status. As to his termination, we find no genuine issue of material fact to support Dominguez's claim that the MDRFD terminated him on account of his military status rather than for the reason given in his Disciplinary Action Report of conduct unbecoming an employee of the County due to his arrest for grand theft from the Miami-Dade County's Tuition Refund Program. Dominguez has not met his burden showing that there were any similarly-situated employees, not in the military, who received more favorable treatment than he did regarding the discipline imposed as a result of the fraudulent receipt of funds through the Tuition Refund Program.

**AFFIRMED.**